UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL GRIBBEN,

    Petitioner,

v.   CASE NO. 3:10-cv-764-Orl-37TEM

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

The Eleventh Circuit Court of Appeals has remanded this case for a determination of the date that Petitioner delivered his notice of appeal to prison officials for mailing. *See* Doc. No. 48. This Court directed Respondents to submit evidence, in the form of the prison mailing log, demonstrating when Petitioner delivered his notice of appeal to prison officials. (Doc. No. 49.) In response, Respondents notified the Court that no mail logs are maintained on outgoing prisoner mail, but instead the procedure is to stamp outgoing legal mail and require the inmate to place his initials by the stamp pursuant to state administrative rules. (Doc. No. 50.) Despite Respondents' representation that no mail logs are maintained, Petitioner filed the prison mail logs from the Graceville Correctional Institution in reply to Respondents' response. *See* Doc. No. 53 at 1-16.

1

"In *Houston v. Lack*,[1] . . . the Supreme Court held that a *pro se* prisoner's notice of appeal is 'filed' at the moment of delivery to prison authorities for forwarding to the district court." *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). "With respect to any such inquiry on remand, . . . the burden of proof should be placed upon the state if [the petitioner] has satisfied the requirement of Fed. R. App. P. 4(c)(1)." *Id*. "[T]he district court may take into account any and all relevant circumstances, including any lack of diligence on the part of [the petitioner] in following up in a manner that would be expected of a reasonable person in his circumstances, in deciding whether the notice was delivered to the prison authorities." *Id.* at 1198.

In this case, the prison mail logs indicate that Petitioner submitted his notice of appeal to prison officials for mailing on July 2, 2013, the date on his notice of appeal. (Doc. No. 53 at 5; Doc. No. 47.) In addressing the envelope in which he mailed his notice of appeal, Petitioner used the address on the envelope from the Clerk of Court's Office in Jacksonville, which included the zip code of 32201. *Id.* at 1, 5, 11, 13. However, the correct zip code for the Clerk of Court for the Jacksonville Division of United States District Court for the Middle District of Florida is 32202. As a result,

---

[1] 487 U.S. 266 (1988).

2

Petitioner's notice of appeal was returned to him as undeliverable on July 24, 2013. *Id.* at 16. Petitioner then remailed his July 2, 2013 notice of appeal on July 25, 2013, to the correct address. *Id.* at 6.

The Court concludes that Petitioner delivered his notice of appeal to prison officials for mailing on July 2, 2013. Petitioner reasonably relied on the address on the envelope he received from the Clerk of Court in addressing the envelope for his notice of appeal. Furthermore, Petitioner acted with due diligence in remailing his notice of appeal one day after it was returned to him as undeliverable. The Clerk of the Court is directed to return the record, as supplemented, to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of November, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 11/13
Counsel of Record
Paul Gribben
Eleventh Circuit Court of Appeals